## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.9:22-cv-00070 |
| ZACHARY THOMAS TETER, | § § | |
| Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Federal National Mortgage Association ("Plaintiff" or "Fannie Mae"), files this, its Original Complaint, complaining of Defendant Zachary Thomas Teter, and respectfully shows the Court as follows:

### I. PARTIES

1.      Plaintiff is appearing through its undersigned counsel for record.

2.      Defendant Zachary Thomas Teter ("Defendant") is an individual and citizen of California who may be served at his residence, 2943 W. Harold Ct., Visalia, CA 93921, or such other place as he may be located. Summons is requested.

### II. JURISDICTION AND VENUE

3.      This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

4.      Plaintiff Fannie Mae is a government-sponsored enterprise existing under the laws of the United States of America with its principal place of business in Washington, District of Columbia ("D.C."). Fannie Mae is deemed to be a D.C. corporation. 12 U.S.C. § 1717(a)(2)(B).

5.     Defendant is an individual and citizen of the state of California.

6.     Plaintiff is the owner of certain real property and improvements located at 586 CR 4368, Woodville, Texas 75979 (the "Property") acquired at a foreclosure sale. When a party seeks equitable, declaratory, or injunctive relief, "'the amount in controversy is measured by the value of the object of the litigation.'"   *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Wash. State Apple Adver. Comm.*, 432 U.S. 333, 347, 97 S. Ct. 2434 (1977). The value of the property exceeds $75,000.00 in the present case.

7.     Venue is proper in the United States District Court for the Eastern District of Texas, Lufkin Division, under 28 U.S.C. Section 1391(a)(2) because a substantial part of the events and omissions that give rise to the controversy occurred in this Division and District. The Property is located in Tyler County, Texas, which is within this Division and District.

### III. FACTS

8.     On or about June 12, 1984, Viola Nell Means conveyed certain real property to John Houston Means, and a Warranty Deed was filed for record in the Tyler County, Texas property records in Book 437, Page 903, a true and correct copy of which is attached hereto as Exhibit A. The property was described as:

```
Being a 10.000 acre tract of land out of and a part of
two 5.04 acre tracts, part of a 5.44 acre tract and all
of a 5.20 acre tract in the William H. Brown Survey,
Abstract 76, Tyler County, Texas.  Said tracts are more
fully described in a Contract of Sale & Purchase between
Walter P. Anderson and Texas Veterans Land Program in
VLB Account No. 1-73700.

BEGINNING at a point in the east line of J. H. Means
3 acre tract 20 feet S 00°21'00"E from a concrete
monument at the northeast corner of same in the centerline
of a county maintained road at the northwest corner of
said 5.04 acre tract.
```

```
THENCE N 89°26'41"E along and with the centerline
of said road and north line of said 5.04 acre tract at
445.30 feet pass a point at the northeast corner of
said 5.04 acre tract same being the northwest corner of
said 5.44 acre tract and at a total distance of 647.32
feet to a point in centerline of said road.

THENCE S 13°46'39"W at 20.64 feet pass a 2" pipe on the south
right-of-way line of said road and at a total distance of
895.76 feet to a 2" pipe on a north line of the U.S.A. Park
boundary line from which a concrete monument marked "BC-22"
bears S71°42'48"E 22.00 feet.

THENCE N 71°42'43"W along and with north line of said Park
at 365.20 feet cross the north line of said 5.04 acre tract
same being the south line of another 5.04 acre tract and at
a total distance of 452.40 feet to a 2" pipe at the southeast
corner of said J. H. Means 3 acre tract in the west line of
said 5.04 acre tract.

THENCE N 00°21'00"W along and with the east line of said J. H.
Means 3 acre tract at 212.85 feet pass the northwest corner of
said 5.04 acre tract same being the southwest corner of said 5.20
acre tract and at 701.78 feet pass a 5/8" rebar on the south
right-of-way line of said road and at a total distance of
721.77 feet to the PLACE OF BEGINNING, containing 10.000 acres of
land.
```

(the "10.00-Acre Tract").

9.      On or about December 30, 1994, John Houston Means a/k/a John H. Means, individually, executed a Warranty Deed conveying a portion of the property to Carol Teter. The Warranty Deed was filed for record in the Tyler County, Texas property records in Book 577, Page 475 under Instrument No. 94-5578 A true and correct copy of the Warranty Deed is attached hereto as Exhibit B. The Warranty Deed conveyed 2.00 acres out of the 10.00-Acre Tract, as more particularly described therein.

10.     Subsequently, on February 16, 1995, John Houston Means a/k/a John H. Means, individually, conveyed the remainder of the 10.00-Acre Tract to Carol Teter by virtue of a Warranty Deed with Vendor's Lien. The Warranty Deed with Vendor's Lien was filed for record in the Tyler County, Texas property records in Book 581, Page 958 under Instrument No. 95-1190.

A true and correct copy of the Warranty Deed with Vendor's Lien is attached hereto as <u>Exhibit C</u>.

The property was described as follows:

> BEING 10.00 ACRES OF LAND, MORE OR LESS, OUT OF AND A PART OF TWO 5.04 ACRE TRACTS, PART OF A 5.44 ACRE TRACT AND ALL OF A 5.20 ACRE TRACT IN THE WILLIAM H. BROWN SURVEY, ABSTRACT 76, IN TYLER COUNTY, TEXAS. SAID TRACTS ARE MORE FULLY DESCRIBED IN CONTRACT OF SALE & PURCHASE BETWEEN WALTER P. ANDERSON AND TEXAS VETERANS LAND PROGRAM IN VLB ACCOUNT NO. 1-73780. SAID 10.00 ACRES OF LAND, MORE OR LESS, BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS…[1]

> SAVE AND EXCEPT FROM THE ABOVE-DESCRIBED 10.00 ACRE TRACT, THE FOLLOWING DESCRIBED 2.00 ACRE TRACT PREVIOUSLY CONVEYED BY JOHN HOUSTON MEANS TO CAROL TETER BY DEED DATED DECEMBER 30, 1994, RECORDED IN VOLUME 577, PAGE 475, OFFICIAL PUBLIC RECORDS, TYLER COUNTY, TEXAS. SAID 2.00 ACRES BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS...

(the "8.00-Acre Tract").

11.     On February 23, 2006, Carol Teter executed an Adjustable Rate Home Equity Conversion Note in the original principal amount of up to $246,000.0 payable to 1st Mariner Mortgage (the "Note"). To secure payment of the Note, she executed an Adjustable Rate Home Equity Conversion Deed of Trust (the "Deed of Trust" and together with the Note, the "Loan Agreement"). The Deed of Trust was filed for record in the Tyler County, Texas property records in Book 834, Page 208 under Instrument No. 06-1598. A true and correct copy of the Note is attached as <u>Exhibit D</u> and a true and correct copy of the Deed of Trust is attached as <u>Exhibit E</u>.

12.     The Loan Agreement was transferred and assigned by 1st Mariner Mortgage to Financial Freedom Senior Funding Corp, a division of IndyMac Bank, FSB ("Financial Freedom"). An Assignment of Deed of Trust/Mortgage was filed for record in the Tyler County,

---

[1] *See* Exhibit C for the full metes and bounds descriptions.

Texas property records in Book 877, Page 43 under Instrument No. 07-2717, a copy of which is attached hereto as Exhibit F.

13.     Financial Freedom then assigned and transferred the Loan Agreement to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., A DELAWARE CORPORATION, ITS SUCCESSORS OR ASSIGNS, AS NOMINEE FOR FINANCIAL FREEDOM ACQUISITION LLC. A Corporate Assignment of Deed of Trust was filed for record in the Tyler County, Texas property records in Book 972, Page 797 under Instrument No. 09-5937, a copy of which is attached hereto as Exhibit G.

14.     The Loan Agreement was then transferred and assigned to Plaintiff. An Assignment of Deed of Trust was filed for record in the Tyler County, Texas property records in Book 1234, Page 976 under Instrument No. 20-665, a copy of which is attached hereto as Exhibit H.

15.     Carol Teter died on or about August 2, 2019. The Loan Agreement became immediately due and payable.

16.     When the balance of the loan was not paid in full, Plaintiff initiated foreclosure proceedings. The Loan Agreement was foreclosed and the Property sold to Plaintiff at the sale on August 4, 2020. A Foreclosure Sale Deed was filed for record in the Tyler County, Texas property records in Book 1244, Page 849 under Instrument No. 20-2204, a true and correct copy of which is attached as Exhibit I.

17.      The legal description contained of the encumbered property contained in the Deed of Trust, assignments, and Foreclosure Sale Deed is of the 8.00-Acre Tract and excepts the 2.00 acres previously conveyed to Carol Teter. The home intended to be covered by the lien sits on the 2.00 acres.

18.     Defendant Zachary Teter was the only living heir of Carol Teter at the time of her passing. A copy of the report from Watkins Investigations, LLC is attached hereto as <u>Exhibit J</u>. There are no other heirs, known or unknown, of Carol Teter, to be made parties to this suit.

19.     The Tyler County Appraisal District describes the entire 10.00-Acre Tract under Property Identification number 56238 under address 586 CR 4368, Woodville, Texas 75979.

20.     Plaintiff seeks: (1) a declaration the Deed of Trust included and the lien covered the entire 10.00-Acre Tract with the 2.00 acres as an appurtenance to the 8.00-Acre Tract, (2) reformation of the Deed of Trust, assignments, and Foreclosure Sale Deed to include the full and correct legal description, and (3) a declaration the Deed Without Warranty is void so that Plaintiff may proceed with transferring full and correct title to the Property.

## IV. CAUSE OF ACTION: DECLARATORY JUDGMENT – APPURTENANCE

21.     The foregoing paragraphs are incorporated by reference for all purposes.

22.     The Security Instrument expressly extends to all improvements, fixtures, and appurtenances on the property, from the date the Loan Agreement was executed to present.

23.     Plaintiff seeks a declaration the Security Instrument encumbered the adjoining 2.00 acres and improvements thereon (the entire 10.00-Acre Tract).

## V. CAUSE OF ACTION: REFORMATION

24.     The foregoing paragraphs are incorporated by reference for all purposes.

25.     Based on a mapping of the Property, the filings in the official property records of Tyler County, Texas, the Tyler County Appraisal District parcel identification, and the intention of the parties, the legal description should be reformed in the Deed of Trust, written assignments, Foreclosure Sale Deed, and any other related and necessary filings in the chain of title for the Property to include the 2.00 acres and describe the entire 10.00-Acre Tract.

26.     The legal description of the Property did not include the home or 2.00 acre on which it sits. Such was a mutual mistake, and Plaintiff is entitled to a reformation of the legal descriptions in the above-referenced filings to:

> BEING 10.00 ACRES OF LAND, MORE OR LESS, OUT OF AND A PART OF TWO 5.04 ACRE TRACTS, PART OF A 5.44 ACRE TRACT AND ALL OF A 5.20 ACRE TRACT IN THE WILLIAM H. BROWN SURVEY, ABSTRACT 76, IN TYLER COUNTY, TEXAS. SAID TRACTS ARE MORE FULLY DESCRIBED IN CONTRACT OF SALE & PURCHASE BETWEEN WALTER P. ANDERSON AND TEXAS VETERANS LAND PROGRAM IN VLB ACCOUNT NO. 1-73780. SAID 10.00 ACRES OF LAND, MORE OR LESS, BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS…[2]

27.     All conditions precedent have been performed or have occurred.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer, and that, upon final hearing, the Court: (1) declare that the Deed of Trust encumbered the entire 10.00-Acre Tract; (2) reform the deeds and instruments of record to include the full legal description as set forth above herein; and (3) grant Plaintiff all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas  75254
Telephone:  (214) 635-2650
Facsimile:  (214) 635-2686
***Attorneys for Plaintiff***

---

[2] *See* Exhibit C for the full metes and bounds description.