IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 9:22-CV-70 |
| ZACHARY THOMAS TETER, | § § § | |
| *Defendant*. | | |

**REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred Plaintiff's Motion for Default Judgment (doc. #8) to the undersigned United States magistrate judge for consideration and disposition. After review, the undersigned recommends granting the motion.

**I.    Background**

On April 26, 2022, Plaintiff, Federal National Mortgage Association filed a complaint for a declaratory judgment related to a real property appurtenance and reformation of property records. (Doc. #1.)  Specifically, Plaintiff alleges that there was a mutual mistake of fact in the drafting of an Adjustable-Rate Home Equity Conversion Deed of Trust ("Deed of Trust") between Carol Teter and 1st Mariner Mortgage, Plaintiff's predecessor in interest. (Doc. #1, ¶11.)  The Deed of Trust was intended to cover 10 acres of property ("Property") owned by Carol Teter, but mistakenly excepted 2 acres—the 2 acres on which the house (the subject of the home equity loan) sits. (Doc. #1, ¶17.)  Plaintiff further alleges that Carol Teter died on August 2, 2019, leaving behind a sole heir, Defendant Zachary Teter. (Doc. #1, ¶15, ¶18.)  The Note/home equity loan secured by the Deed of Trust became due and payable and the Note thereafter went into default. (Doc. #1, ¶16.)

Plaintiff initiated foreclosure proceedings and the Property was sold to the Plaintiff at a foreclosure sale on August 4, 2020. (Doc. #1, ¶16.) A Foreclosure Sale Deed was filed for record in the Tyler County, Texas property records. The legal description in the Foreclosure Sale Deed contained the same incorrect property description of 8 acres instead of the proper property description of 10 acres.

Plaintiff seeks reformation of the following legal documents:

(1) Adjustable-Rate Home Equity Conversion Deed of Trust, filed for record in the Tyler County, Texas property records in Book 834, Page 208 under Instrument No. 06-1598;

(2) Assignment of Deed Trust/Mortgage filed for record in the Tyler County, Texas property record in Book 877, Page 43 under Instrument No. 07-2717;

(3) Corporate Assigned of Deed of Trust field for record in the Tyler County, Texas property records in Book 972, Page 797 under Instrument No. 09-5937;

(4) Assignment of Deed of Trust filed for record in the Tyler County, Texas property records in Book 1234, Page 976 under Instrument No. 20-665; and

(5) The Foreclosure Sale Deed filed for record in the Tyler County, Texas property records in Book 1244, Page 849 under Instrument No. 20-2204.

A summons was issued to Defendant Zachary Teter on April 26, 2022. (Doc. #3.) On May 9, 2022, a return was filed with the court clerk, recording personal service on Defendant on May 4, 2022. (Doc. #4.) An Answer was due from the defendant by May 25, 2022. To date, no answer or other responsive pleading has been filed by Defendant. The Clerk's Entry of Default was filed on September 26, 2022. (Doc. #12.)

Plaintiff filed the pending Motion for Default Judgment (doc. #8) on September 22, 2022. The motion was referred to the undersigned on April 26, 2023 (doc. #13). In the motion for default

judgment, Plaintiff asserts that Defendant has failed to plead or otherwise defend against this action as required by law. (Doc. #8 at ¶4.) Plaintiff attaches a document showing that Defendant Teter is not in the military. (Doc. #8-1, Ex. A-1.) Plaintiff requests that the court enter a default judgment against Defendant declaring the proper reformation of the Deed of Trust and accompanying instruments.

Upon review of the Motion for Default Judgment, the undersigned noted the absence of evidence supporting Plaintiff's claim that Defendant Teter was Carol Teter's sole heir. On June 21, 2023, Plaintiff filed the declaration of Nicholas Frame and the investigator's report establishing that Defendant Teter is the sole heir of Carol Teter.

## II.     Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). To obtain a default judgment from the court, the plaintiff must file an affidavit stating whether the defendant is in military service before the court can issue a default judgment. 50 U.S.C. § 3931(b)(1).

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn,* 236 F.3d 766,767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.,* 874 F.2d 274, 276 (5th Cir. 1989)). The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.,* 555 F.3d 422, 424 (5th Cir. 2009). Rather, the court must determine: "(1) whether the entry of default is procedurally warranted, (2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and (3) what form of relief, if any, a plaintiff should receive."

*Primerica Life Ins. Co. v. Basilio as Next Friend of UMB*, No. 4:22-CV-00541, 2023 WL 3292879, at *2 (E.D. Tex. May 5, 2023) (citing *Graham v. Coconut LLC*, No. 4:16-CV-00606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017)); *see also United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008). After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true. *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987).

Regarding damages, however, it is the court's duty "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Oil States Int'l, Ltd. v. Richard*, No. 22-2437, 2022 WL 17968055, at *4 (E.D. La. Dec. 27, 2022) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). A plaintiff is not entitled to have its allegations regarding damages accepted as true. *Shipco Gen., Inc.*, 814 F.2d at 1014 ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). Generally, damages are not awarded without a hearing or demonstration by detailed affidavits. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If the damages or relief requested can be determined with mathematical calculation by referring to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III. Discussion

#### A. Procedural Standard

The court considers the six *Lindsey* factors to satisfy the procedural standard to warrant entry of a default judgment: (1) whether there are material fact issues; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether default was caused by a good faith mistake or excusable neglect; (5) harshness; and (6) whether

the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Here, the *Lindsey* factors have been met in favor of default judgment. Defendant Teter, after proper service, has not made an appearance. A court may enter a default judgment when a party has failed to plead or otherwise defend. FED. R. CIV. P. 55. The material facts meeting the procedural standards are established by the affidavit of Mark D. Cronenwatt (doc. #8, Ex. A) and are otherwise uncontested.

### B. Substantive Standard

Default judgment is also substantively warranted here. The purpose of reformation of legal instruments is to correct a mutual mistake made in preparing a written instrument, so that the instrument truly reflects the original agreement of the parties. *Cherokee Water Co. v. Forderhause*, 741 S.W.2d 377, 379 (Tex. 1987). Texas law requires courts to enforce unambiguous contracts as written. *Diamondback Indus. Inc. v. Repeat Precision, LLC*, No. W-19-CV-00034-ADA, 2019 U.S. Dist. LEXIS 226133, 2019 WL 7759501, at *1 (W.D. Tex. Dec. 22, 2019). Reformation is a proper remedy when (1) there is an original agreement and (2) a mutual mistake was made after the original agreement when reducing the original agreement to writing. *Id*.

Plaintiff has established a mutual mistake of fact between Carol Teter and 1st Mariner. The instruments of record Plaintiff seeks to reform all contain the same mutual mistake: the erroneous omission of the 2.00-acre tract that the home sits on intended by the parties to be secured by the lien. The original Deed of Trust securing the Note/home equity loan improperly excluded the 2-acre tract. The subsequent documents of record following the creation of the lien are three

assignments transferring the lien and the resulting foreclosure deed.[1]  The foreclosure sale and resulting foreclosure sale deed enforce the underlying security instrument.  *See Slaughter v. Qualls*, 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942) (a trustee's power to sell a debtor's property derives solely from the deed of trust); *Aguero v. Ramirez*, 70 S.W.3d 372, 375 (Tex. App.—Corpus Christi 2002, pet denied).  The assignments transfer the rights of the previous lienholder stemming back to the original instrument which perfected the lien.  Thus, if the parties intended to create the lien on the entire 10-acre tract, the assignments of the lien, foreclosure sale, and resulting foreclosure sale deed intended to include the entire 10-acre tract as well.  *Total Prop. Solutions v. Ramirez*, No. 3:19-cv-388, 2020 WL 6136247 (S.D. Tex. Oct. 2, 2020).

Mutual mistake of fact has, therefore, been established.  Plaintiff has also established that Defendant Teter is the sole heir of Carol Teter and therefore, upon her death, the Property immediately vested in him.  TEX. ESTATES CODE §101.00(b).  Defendant Teter is a proper party to this action.

### C. Proper Relief

Here, Plaintiff seeks a declaratory judgment reforming the legal instruments.  No hearing is necessary to determine this relief as the court may refer to the Complaint and its supporting documents.  As the court has determined that Plaintiff has presented clear, exacting, and satisfactory evidence of a mutual mistake, reformation is the appropriate remedy.  *Bank of New York Mellon Trust Co. v. Kunkel*, No. 6:21-cv-344, 2022 WL 17813179, at *4 (W.D. Tex. July 5, 2022), *R & R adopted by Bank of New York Mellon Trust Co. v. Kunkel*, No. 6:21-cv-344, 2022 WL 17812833 (W.D. Tex. Sept. 15, 2022).

---

[1] These documents establish that 1st Mariner is Plaintiff's predecessor-in-interest.

Accordingly, the undersigned finds that Plaintiff's Motion for Default Judgment should be granted, and the court should enter a default judgment reforming the following:

(1) Adjustable-Rate Home Equity Conversion Deed of Trust, filed for record in the Tyler County, Texas property records in Book 834, Page 208 under Instrument No. 06-1598;

(2) Assignment of Deed Trust/Mortgage filed for record in the Tyler county, Texas property record in Book 877, Page 43 under Instrument No. 07-2717;

(3) Corporate Assigned of Deed of Trust field for record in the Tyler County, Texas property records in Book 972, Page 797 under Instrument No. 09-5937;

(4) Assignment of Deed of Trust filed for record in the Tyler County, Texas property records in Book 1234, Page 976 under Instrument No. 20-665; and

(5) The Foreclosure Sale Deed filed for record in the Tyler County, Texas property records in Book 1244, Page 849 under Instrument No. 20-2204.

The full description of the Property described in each of the foregoing should be reformed as follows:

> BEING 10.00 ACRES OF LAND, MORE OR LESS, OUT OF AND A PART OF TWO 5.04 ACRE TRACTS, PART OF A 5.44 ACRE TRACT AND ALL OF A 5.20 ACRE TRACT IN THE WILLIAM H. BROWN SURVEY, ABSTRACT 76, IN TYLER COUNTY, TEXAS. SAID TRACTS ARE MORE FULLY DESCRIBED IN CONTRACT OF SALE & PURCHASE BETWEEN WALTER P. ANDERSON AND TEXAS VETERANS LAND PROGRAM IN VLB ACCOUNT NO. 1-73780. SAID 10.00 ACRES OF LAND, MORE OR LESS, BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:
>
> BEGINNING AT A POINT IN THE EAST LINE OF THE J. H. MEANS 3 ACRE TRACT 20 FEET SOUTH 00 DEGREES 21 MINUTES 00 SECONDS EAST FROM A CONCRETE MONUMENT AT THE NORTHEAST CORNER OF SAME IN THE CENTERLINE OF A COUNTY MAINTAINED ROAD AT THE NORTHWEST CORNER OF SAID 5.04 ACRE TRACT;
>
> THENCE NORTH 89 DEGREES 26 MINUTES 41 SECONDS EAST ALONG AND WITH THE CENTERLINE OF SAID ROAD AND NORTH LINE OF SAID

5.04 ACRE TRACT AT 445.30 FEET PASS A POINT AT THE NORTHEAST CORNER OF SAID 5.04 ACRE TRACT SAME BEING THE NORTHWEST CORNER OF SAID 5.44 ACRE TRACT AND AT A TOTAL DISTANCE OF 647.32 FEET TO A POINT IN CENTERLINE OF SAID ROAD;

THENCE SOUTH 13 DEGREES 46 MINUTES 39 SECONDS WEST AT 20.65 FEET PASS A 2 INCHES PIPE ON THE SOUTH RIGHT OF WAY LINE OF SAID ROAD AND AT A TOTAL DISTANCE OF 895.76 FEET TO A 2 INCHES PIPE ON A NORTHLINE OF THE U. S. A. PARK BOUNDARY LINE FROM WHICH A CONCRETE MONUMENT MARKED "BC-22"BEARS SOUTH 71 DEGREES 42 MINUTES 48 SECONDS EAST 22.00 FEET;

THENCE NORTH 71 DEGREES 42 MINUTES 48 SECONDS WEST ALONG AND WITH NORTH LINE OF SAID PARK AT 365.20 FEET CROSS THE NORTH LINE OF SAID 5.04 ACRE TRACT SAME BEING THE SOUTH LINE OF ANOTHER 5.04 ACRE TRACT AND AT A TOTAL DISTANCE OF 452.40 FEET TO A 2 INCHES PIPE AT THE SOUTHEAST CORNER OF SAID J. H. MEANS 3 ACRE TRACT IN THE WEST LINE OF SAID 5.04 ACRE TRACT;

THENCE NORTH 00 DEGREES 21 MINUTES 00 WEST ALONG AND WITH THE EAST LINE OF SAID J. H. MEANS 3 ACRE TRACT AT 212.85 FEET PASS THE NORTHWEST CORNER OF SAID 5.04 ACRE TRACT SAME BEING THE SOUTHWEST CORNER OF SAID 5.20 ACRE TRACT AND AT 701.78 FEET PASS A 5/8 INCHES REBAR ON THE SOUTH RIGHT OF WAY LINE OF SAID ROAD AND AT A TOTAL DISTANCE OF 721.77 FEET TO THE PLACE OFBEGINNING CONTAINING 10.00 ACRES OF LAND.

Finally, said Default Judgment should state that the judgment is *in rem* and not a personal judgment against the Defendant.

### IV.     Recommendation

For the foregoing reasons, the undersigned recommends **GRANTING** the Plaintiff's Motion for Default Judgment (doc. #8) and entering Final Judgment as set forth above.

### V.      Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the

8

place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 20th day of July, 2023.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE